The defendant objected against the plaintiff's introducing any parol testimony to prove said contract because it was in consideration of land, etc.

By the Court. The defendant has got a deed of the plaintiff's farm; the contract is executed on one part, which takes it out of the statute made to prevent frauds and perjuries — the case is not within either the letter or the reason of the statute. The evidence was admitted. The case of Brown and wife v. Clark is in point, determined at the adjourned Superior Court, Hartford December A. D. 1777.

### Town of Killingsworth v. Town of Goshen.

Depositions taken within twenty miles of a known attorney to the adverse party without notifying him, although the adverse party lives more than twenty miles off — not admitted.

Action of *assumpsit* for disbursements and expenditures for the support of one Sarah Carter, a pauper, alleged to belong to the town of Goshen. Plea — *Nonassumpsit*. Issue to the jury.

John Allen, Esq. attorney-at-law at Litchfield and attorney to the plaintiffs, lived within six miles of Goshen, of which the defendants were informed and who notified said Allen to attend at the taking of their depositions; afterwards the defendants took supplementary depositions of some of the same witnesses, and also of other witnesses without notifying said Allen — which depositions were objected to because said Allen was not notified, and by the court not admitted. See Williams v. Fitch, Windham September Term, A. D. 1791.

### Bow v. Parsons, Sheriff.

Parol evidence admitted to prove a witness to be an infidel.

Action for the escape of Gordon Whitmore, who was in prison upon an execution. Case was defaulted and heard in damages.

The defendant produced a receipt under the hand of the plaintiff given subsequent to the date of said execution, to said Gordon purporting to be for £78, which the plaintiff

claimed to have been given for only £8.    Said receipt was witnessed by one Stephen Freeman, who the plaintiff offered as a witness to prove that it was given for only £8.    The defendant objected to his being admitted, that he was an infidel and disbelieved the being of a God, and of revealed religion.

The court admitted parol testimony of particular conversations and declarations to evince his infidelity.    The objection not being supported he was admitted.

### PARSONS, LATE SHERIFF, v. PHILLIPS ET AL.

Receiptsmen for goods attached, are not bound to hold them from the debtor more than sixty days from the judgment, unless demanded within that time.

ACTION upon a receipt given for goods taken by an attachment, declaring that on the 21st day of August A. D. 1786, by virtue of a writ of attachment in favor of Charles Sigourney against William Richards and Samuel Buel for £400 lawful money, the plaintiff attached certain goods, wares, etc. the property of said Richards, viz. (describes them,) to the amount of £400 lawful money; that he delivered said goods to the defendants upon their request to keep and return, and thereupon the defendants executed their receipt to the plaintiff, dated the 21st day of August A. D. 1786, therein promising to redeliver all said goods to the plaintiff when required; that he made return of said writ with his doings thereon, properly indorsed, to the County Court holden at Middletown in and for the county of Middlesex, on the second Tuesday of December A. D. 1786 — which action was duly entered in the docket of said court and by sundry legal removes came to the Superior Court, holden at Haddam on the second Tuesday of January A. D. 1790, when and where said Sigourney, by the consideration of said court, recovered judgment in said action against said Richards and Buel for £290 1s. 6½d. lawful money damages and his cost.

That said Richards immediately after said judgment was entered up against him and said Buel, prayed out a writ of error against said judgment before any execution was taken